## IN THE COURT OF APPEALS OF IOWA

No. 16-0277
Filed May 11, 2016

**IN THE INTEREST OF M.P. AND C.P.,**
**Minor children,**

**L.P., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

A mother appeals the juvenile court's termination of her parental rights to her children. **AFFIRMED.**

Elizabeth M. Biwer of Papenheim Law Office, Parkersburg, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lana L. Luhring of Laird & Luhring, Waverly, for minor children.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

A mother appeals the juvenile court's termination of her parental rights to her children, M.P. and C.P.[1]  She argues termination was inappropriate because the State did not prove a ground for termination by clear and convincing evidence, termination was not in the best interests of her children, and a permissive factor weighing against termination existed due to the closeness of the children's bond with her.  We find the State proved grounds for termination, that termination was in the children's best interests, and no permissive factor precluded termination.  We therefore affirm.

## I.  Background Facts and Proceedings

M.P. and C.P. are three and two years old, respectively.  They were removed from their parents' care in December 2014 and placed with their maternal grandfather and step-grandmother.  M.P. had previously been removed from the parents' care for the six-month period from February 2013 through August 2013.

After M.P. and C.P. were removed from the parents' care, the mother failed to take full advantage of the services provided to her and failed to make significant progress towards reunification.  The mother did not progress beyond fully-supervised visits with her children and struggled during those visits to provide the children with proper supervision and boundaries.  An Iowa Department of Human Services (DHS) caseworker testified that the children enjoy spending time with the mother but that the parent-child bond has

---

[1] The children's father consented to the juvenile court's termination of his parental rights, and he is not part of this appeal.

weakened since the fall of 2015. In August of that year, the mother's visits with her children became inconsistent, and then in October 2015, the mother ceased contact with her children altogether. When the caseworker testified at the first scheduled termination hearing on November 4, 2015, she explained the mother was homeless and her whereabouts were currently unknown. At that time, the mother was actively avoiding contact with DHS, had stopped taking her medication, and was no longer participating in her mental health counseling.

According to the caseworker's testimony at a second termination hearing on January 13, 2016,[2] the mother resumed contact with DHS in December 2015 and participated in three supervised visits with M.P. and C.P. in December and January. The mother explained to the caseworker she had cut off contact with her children because she had decided involvement with them was too stressful and difficult. The mother was homeless and unemployed at the time. Around the time she resumed contact, the mother also decided to reinvest herself in her marriage with the father. Their relationship was volatile and negatively affected her ability to care for M.P. and C.P. In fact, the father had to be transported to the first termination hearing from jail, where he was awaiting sentencing for domestic abuse assault, third offense, committed against the mother.

On January 27, 2016, the juvenile court terminated the mother's parental rights to both M.P. and C.P. pursuant to Iowa Code section 232.116(1)(h) (2015).

The mother now appeals.

---

[2] A second hearing was held because the mother did not appear at the first hearing and her attorney represented to the court that the mother had not received appropriate notice of the proceedings. Thus, the court continued proceedings to a second hearing date after obtaining the father's consent to termination and hearing brief testimony from the DHS caseworker. The mother was present for, but did not testify at, the second hearing.

## II.  Standard of Review

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions drawn from it.  *Id.* Although we are not bound by the factual determinations of the juvenile court, we do give weight to them, particularly regarding the credibility of witnesses.  *Id.* The primary consideration of our review is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Discussion

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  First, the court must determine if a ground for termination under section 232.116(1) has been established.  *Id.*  Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child.  *Id.*  Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory factors set forth in section 232.116(3) should serve to preclude termination.  *Id.*

The mother's parental rights were terminated pursuant to section 232.116(1)(h), which provides the juvenile court may order the termination of parental rights if:

> The court finds that all of the following have occurred:
>
> (1) The child is three years of age or younger.
>
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother first argues the State failed to prove grounds for termination of her parental rights because it failed to show by clear and convincing evidence her children could not be returned to her care.[3]

We agree with the juvenile court that M.P. and C.P. could not be returned to the mother's care at the time of the termination hearing in January 2016. At that hearing, the DHS caseworker testified the mother still lacked basic parenting skills and the means to support her children. The mother was homeless and unemployed. She had only recently resumed regular attendance at her scheduled mental health treatment. She had recently decided to reinvest herself in a volatile and abusive relationship with the children's father. She was not in a position to safely and adequately care for M.P. and C.P.

The mother next argues termination was not in the best interests of her children, due to the bond she shared with M.P. and C.P., and that the same strong bond satisfies a statutory factor rendering termination unnecessary. *See*

---

[3] The mother also argues the State did not prove by clear and convincing evidence that she lacks the ability or willingness to respond to services and an additional period of rehabilitation would not correct her situation. These, however, are factors relevant to grounds for termination in section 232.116(1)(g), which was not the juvenile court's basis for terminating the mother's parental rights. As a result, this argument is irrelevant and we do not address it on the merits.

Iowa Code § 232.116(3)(c) ("The court need not terminate the relationship between the parent and child if the court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.").

On our de novo review, we agree with the juvenile court's conclusion that termination was in the best interests of M.P. and C.P. despite the fact both children had a bond with the mother and enjoyed seeing her. The bond had been weakened by the mother's decision to cut off all contact for a two-month period in late 2015, and she has never demonstrated the ability to provide safe and reliable care for her children. In contrast, the DHS caseworker testified the children's maternal grandfather and step-grandmother had provided excellent care and were interested in adopting the children. As a result, the children's safety, long-term nurturing and growth, and physical, mental, and emotional needs will be best served by termination of the mother's parental rights so that M.P. and C.P. can achieve permanency through adoption.

We also agree with the juvenile court's conclusion that termination of the mother's parental rights was appropriate in this case despite some bond between the mother and the children, which was weakened by the mother's recent, temporary abandonment of the children. The language of 232.116(3) is permissive, and the juvenile court correctly decided any bond was insufficient to justify declining to order termination. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011).

For these reasons, we affirm the juvenile court's termination of the mother's parental rights to her children, M.P. and C.P.

**AFFIRMED.**